SABERS, Justice
(dissenting).
[¶ 50.] I dissent because there is no evidence in the record which, even “if believed by the [trial court], is sufficient to sustain a finding of guilt beyond a reasonable doubt.” State v. Pasek, 2004 SD 132, ¶ 7, 691 N.W.2d 301, 305. In fact, the majority uses Tofani’s distasteful and derogatory comments as sufficient evidence of guilt beyond a reasonable doubt of aiding and abetting aggravated assault and rape.
[¶ 51.] The evidence in this case proved that Tofani and Stone made distasteful and derogatory remarks about C.M. to a stranger they met at a bar. Little did they know, the stranger (Reiner), fantasized about committing violent sexual acts against women.[10] By the time Tofani became suspicious of Reiner, Reiner was already on his way back to Mitchell. While this evidence shows Tofani’s conduct was lewd and careless, it is not sufficient to sustain a finding of guilt beyond a reasonable doubt that he intended to “promote or facilitate the commission of a crime.” See SDCL 22-3-3.
[¶ 52.] The majority supports much of its decision with the testimony of Reiner, who the trial court found was not credible and a very sick man. In addition to Rein-er’s inability to tell the truth, the State offered no evidence that Tofani made any statements with the intent that Reiner rape and assault C.M. Instead, Reiner testified on cross-examination:
Q: John Tofani never specifically asked you to harm [C.M.] in any way, did he?
A: That is correct.
*406 Q: And Tim Stone never specifically asked you to harm [C.M.] in any way, did he?
A: That is correct.
As to Tofani pointing out the motel room where he and C.M. were staying, Reiner testified that they were driving past the motel and Tofani “might of said they were in the last room.... ”
[¶ 53.] As the majority recognizes, the trial court’s findings are contradictory. Majority Opinion ¶ 40. The definition of aiding and abetting requires a defendant to act with the intent of promoting or facilitating the commission of a crime. See SDCL 22-3-3. The acts the State alleged constituted aiding and abetting were Tofa-ni’s statements about C.M. and his divulging certain facts, all of which occurred in Mitchell. However, the trial court found that Tofani did not become aware that Reiner was “serious” until sometime during the trip to Sioux Falls. Majority Opinion ¶ 39. This finding completely contradicts the State’s allegation that Tofani made these comments and divulged these facts with the intent to aid and abet or facilitate Reiner in the rape and assault of C.M.
[¶ 54.] More importantly, the evidence at trial was clear that Reiner did not form the intent to commit the offenses until after he left Tofani and Stone in Sioux Falls and began traveling home to Alexandria.[11] How could Tofani be guilty beyond a reasonable doubt for aiding and abetting a crime Reiner had not contemplated until after he left Tofani and Stone?
[¶ 55.] Another defect in the State’s case is that the trial court dismissed the charge against Tofani for aiding and abetting the crime of kidnapping. As a practical matter, the evidence for aiding and abetting the crime of kidnapping was comparable to the evidence of aiding and abetting the crimes of aggravated assault and rape. The fact is that the evidence on all three crimes was insufficient to prove guilt beyond a reasonable doubt for any of the three crimes.
[¶ 56.] A fair review of the evidence, even under the most deferential standard of review, shows the State failed to prove every element of the crimes beyond a reasonable doubt, especially when, according to the trial court, Reiner was not a credible witness.
[¶ 57.] The fact that Tofani was coarse and careless in his comments concerning C.M. is not sufficient evidence of guilt beyond a reasonable doubt for aiding and abetting. Likewise, the fact that Tofani eventually became suspicious about Reiner is insufficient to prove that Tofani had the requisite knowledge or intent to support convictions of aiding and abetting. Rather than parse selected facts from the testimony of a liar and rapist, or attempt to make sense of the trial court’s contradictory findings, we should reverse Tofani’s convictions for aiding and abetting aggravated assault and rape. State v. Motzko, 2006 SD 13, ¶ 26, 710 N.W.2d 433, 441 (Sabers, J., dissenting) (when the evidence falls short of sustaining a finding of guilt beyond a reasonable doubt, “we should not hesitate to reverse”).

. Police recovered pornographic images from Reiner depicting a woman bound at her wrists and ankles.

. On direct examination by the State, Reiner testified:
Q: What brought you back to Mitchell?
A: What brought me back to Mitchell, I’m still trying to figure that one out myself. Similarly, on cross-examination Reiner testified:
Q: In fact, you had no intentions of even returning to Mitchell that day, did you?
A: That is correct.